FILED'07 DEC 04 08:48USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Janene Ellesworth, o/b/o
M.E., a minor child,

        Plaintiff,           Civil No. 07-281-CL
  v.                           REPORT AND RECOMMENDATION

Commissioner of Social Security
Administration,

        Defendant.

_____

CLARKE, Magistrate Judge:

    Plaintiff brings this action pursuant to 42 U.S.C. § 1383(c)(3) of the Social Security Act (Act)(incorporating 42 U.S.C. § 405(g)) to obtain judicial review of the Social Security Administration Commissioner's (Commissioner) final decision affirming cessation of her child's social security income (SSI) disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.

## I. BACKGROUND

On March 21, 2000, Ms. Ellsworth protectively filed an application seeking child's SSI disability benefits on behalf of M.E.. (Tr. 88-90). On January 30, 2001, SSA found that M.E. was disabled beginning March 30, 2000, due to a regulatory disorder, hypersensitivity type, and multi-system developmental disorder that functionally equaled the requirements of Listing 107.30. (Tr. 33, 42-48). M.E. underwent a continuing disability review and on June 3, 2004, she was found to have experienced medical improvement and her disability was ceased as of June 2004. (Tr. 49-53). Ms. Ellsworth filed a request for reconsideration and on April 15, 2005, a disability hearing officer affirmed the prior decision. (Tr. 56-68).

Ms. Ellsworth then requested a hearing. (Tr. 69). On November 30, 2005, an ALJ conducted a hearing, which was continued to allow Ms. Ellsworth time to find an attorney and to secure additional evidence. (Tr. 505-21). The hearing was reconvened on March 23, 2006, and Ms. Ellsworth chose to proceed without an attorney. Ms. Ellsworth also requested that M.E. not provide testimony and that the ALJ base his decision on her testimony and the medical evidence. (Tr. 522-41). On June 12, 2006, the ALJ found M.E. had experienced medical improvement in her disabling impairments and that she was no longer under a disability. (Tr. 25-31). On February 2, 2007, the Appeals Council denied the request for review (Tr. 5-7), making the ALJ's

decision the final decision of the Commissioner. 20 C.F.R. §§ 416.981, 422.210.

## II. **STANDARD OF REVIEW**

The standard of review is whether the Commissioner's final decision is supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); see also Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). It "does not mean a large or considerable amount of evidence." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The Commissioner's findings must be upheld if they are supported by inferences reasonably drawn from record evidence. Morgan v. Commissioner, 169 F.3d 595, 599 (9th Cir. 1999). Moreover, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

## III. **DISCUSSION**

After the Commissioner determines that a child is disabled, he must evaluate the claimant's impairments "from time to time to determine if [the claimant is] still eligible for disability cash benefits." 20 C.F.R. § 416.994a(a). This evaluation is a "continuing disability review." Id. The Commissioner has

REPORT AND RECOMMENDATION - 3

established a three-step sequential evaluation process for determining whether a child's disability has ended.  In evaluating a child's continued eligibility for SSI disability benefits, the ALJ "will first consider whether there has been any medical improvement" in the claimant's impairment(s).  20 C.F.R. §§ 416.994a(a)(1), 416.994a(b)(1).  At step one, the ALJ found that M.E.'s impairments had medically improved and that the improvement was related to M.E./'s ability to function.  (Tr. 30).

At the second step, the ALJ must determine whether the impairment or combination of impairments present at the time of the comparison point decision (the date of the most recent favorable decision) now meets, medically equals, or functionally equals the Listing that it met or equaled at the time of the comparison point decision.  20 C.F.R. §§ 416.994a(a)(1), 416.994a(b)(2); see also Social Security Ruling 05-03p (explaining that when the comparison date is prior to January 2, 2001, SSA will determine whether the Listing at issue at the comparison date is met or equaled, and if not, whether the impairment(s) functionally equaled the listings without requiring a comparison to a specific Listing).  At step two, the ALJ found that M.E.'s impairments did not meet, medically equal or functionally equal a Listing that was met, equaled or functionally equaled at the time she was found to be disabled.  (Tr. 30).

REPORT AND RECOMMENDATION - 4

At step three, the ALJ must determine whether the claimant's current impairments are disabling. 20 C.F.R. §§ 416.994a(a)(1), 416.994a(b)(3). To determine whether a claimant's current impairments are disabling, the ALJ must determine: (1) whether the child is working; (2) whether the child has a medically determinable severe impairment or combination of impairments; and (3) if so, whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the Listings. 20 C.F.R. §§ 416.924(b)-(d). An impairment that meets, medically equals, or functionally equals a Listing causes marked or severe functional limitations. 20 C.F.R. § 416.924(d).

A child's functional limitations will be evaluated in the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself or himself; and (6) health and physical well-being. 20 C.F.R. §§ 416.926a(b)(1)(i)-(vi). A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(e)(2). A marked limitation exists when an impairment seriously interferes with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). An extreme limitation is present where one's

impairment "interferes very seriously with [one's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(I).

The ALJ determined that M.E. had not engaged in substantial gainful activity. (Tr. 30). He found that M.E. had a provisional diagnosis of anxiety and that this was a severe impairment. (Tr. 28, 30). The ALJ found that M.E. did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the requirements in a Listing. (Tr. 30). Therefore, the ALJ found that M.E. had experienced a medical improvement and was no longer under a disability as defined by the Act. (Tr. 31).

Plaintiff contends that the ALJ erred by failing to develop the record by ordering a psychological examination based upon the treatment notes of Dr. Lawrence Krupa, who examined M.E. on September 14, 2006, and, since Dr. Krupa's notes are consistent with the opinion of Dr. Collins, it is reasonable to conclude that they relate back to the time period on or before the ALJ's decision. Defendant contends Dr. Krupa's notes do not establish the need for a consultative examination, and that, under Acquiescence Ruling 92-2(6), such notes or a consultative examination would not be relevant as the ALJ considers the claimant's condition at the time of cessation of benefits, which in this case is June 2004. In addition, defendant argues that a consultative examination was not required as plaintiff has not

shown the evidence before the ALJ was insufficient, ambiguous, conflicting, or inconsistent.  20 C.F.R. § 416.919a(b)(4).

20 C.F.R. § 416.919(b) provides that:

(b) Situations requiring a consultative examination. A consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim. Other situations, including but not limited to the situations listed below, will normally require a consultative examination:

(1) The additional evidence needed is not contained in the records of your medical sources;

(2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;

(3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;

(4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or

(5) There is an indication of a change in your condition that is likely to affect your ability to work, or, if you are a child, your functioning, but the current severity of your impairment is not established.

Plaintiff argues that 20 C.F.R. § 404.970(b) requires the Appeals Council to receive new evidence without regard to the issue of good cause.  This regulation provides in part that: "If new material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. . . .".

REPORT AND RECOMMENDATION - 7

Dr. Krupa first examined M.E. on September 14, 2006, three months after the ALJ's decision. (Tr. 502-504). In McNabb v. Barnhart, 340 F.3d 943, 944 (9th Cir. 2003), the Ninth Circuit recognized that there was a split among the Circuits regarding when the relevant date was for determining the existence of a disability. "[T]he Sixth Circuit held that the ALJ should adjudicate the claimant's disabilities through the time of the hearing, . . ." while the Seventh Circuit follows the SSA's Acquiescence Ruling 92-2(6), which provides that the determination is made at the time of the cessation of benefits. Id. The Ninth Circuit declined to decide the issue, but found that the Social Security Act required the court to consider all the evidence available at the time of the ALJ's hearing to evaluate whether the claimant had a disability at the time of the cessation date. Id. at 945.

In this case, Dr. Krupa's treatment notes were not before the ALJ, because Dr. Krupa examined plaintiff three months after the ALJ's decision. Dr. Krupa's notes do not indicate that they relate to the period on or before the ALJ's hearing decision. Therefore, his notes are not relevant in determining whether the ALJ erred in failing to order a mental status evaluation. See Id. at 945.

Plaintiff has not demonstrated that Dr. Krupa's notes meet any of the criteria for requiring a consultative examination. Dr. Krupa's notes show that he planned to do a mental status

evaluation and that he was considering the use of stimulant medication as M.E. was very hyperactive. (Tr. 504). There is nothing else in his notes which creates a conflict, inconsistency, ambiguity or insufficiency in the evidence that must be resolved or indicates any change in M.E.'s condition which affects her functioning. (Tr. 502-504).

The information contained in Dr. Collins' records also does not support plaintiff's contention that Dr. Krupa's notes relate back to the period before the ALJ's decision. (Tr. 403). Dr. Collins did find it was unclear diagnostically what was happening with M.E., but she did not "see any behaviors impacting her functioning so much as to require medication." (Id.). Dr. Collins found that there was not enough information to support psychological testing to rule out a learning disorder. (Tr. 405). Dr. Collins recommended a very low dose of medication only for "extremely severe agitation". (Id.). Plaintiff has failed to establish that Dr. Collins' notes met the criteria for requiring a consultative examination.

The court rules that the ALJ's decision is supported by substantial evidence. The ALJ considered the psychological examination performed by Dr. Darryn Sikora, Ph.D., in April 2004. (Tr. 27, 334, 342). Dr. Sikora described M.E. as "interactive, playful, and inquisitive". (Tr. 334). He found that M.E. had normal motor and visual development and she was interactive and cooperative. (Id.). Dr. Sikora observed "numerous pro-social

REPORT AND RECOMMENDATION - 9

behaviors, including joint attention, requesting, showing, giving, initiating, responding, and pretend play." (Id.). Dr. Sikora did not note any atypical behaviors. (Id.). He also saw no areas of developmental concern. (Id.).

The ALJ also considered M.E.'s records from school, in which M.E.'s kindergarten teacher reported that M.E. was at grade level for reading, math, and written language and no special education services were required. (Tr. 27, 371). The teacher had not observed any problems with M.E.'s ability to acquire and use information, attend and complete tasks, interact and relate with others, move about and manipulate objects, or care for herself in an age appropriate manner. (Tr. 27, 372-276).

Plaintiff has failed to point to any evidence before the ALJ that meets the criteria for requiring a consultative examination.

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that the Commissioner's decision be upheld and this case be dismissed.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due by December 18, 2007. If objections are filed, any responses to the objections are due 14 days after the objections are filed*. Failure to timely file

objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___4th___ day of December, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 11